FILED
DISTRICT COURT OF GUAM
JUL 13 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM
TERRITORY OF GUAM



LEEANN NGUYEN DOWNUM,

Defendant-Petitioner,

vs.

UNITED STATES OF AMERICA,

Plaintiff-Respondent.

Criminal Case No. 98-00032
Civil Case No. 04-00053

<u>ORDER</u> DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
[28 U.S.C. § 2255]

Petitioner Leeann Nguyen Downum ("Petitioner") filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The Petitioner claims that in light of the Ninth Circuit's decision in *United States v. Cabaccang*, 332 F.3d 622, *clarified by* 341 F.3d 905 (9th Cir. 2003) (en banc), her conviction is invalid. After careful consideration of the matter, the Court finds no basis for the relief as requested and DENIES the motion.

I. BACKGROUND

On March 11, 1998, Petitioner pled guilty to one count of Attempted Importation of Crystal Methamphetamine, in violation of 21 U.S.C. § 952(a), § 960 and § 963. At the time of her plea, Petitioner stipulated to facts contained in her plea agreement that:

> [Petitioner] arrived in Guam aboard a continental Airlines flight from Honolulu, Hawaii. During a secondary inspection of the defendant's baggage, Guam Customs Officers located a false bottom in a black bag in the defendant's possession. When the false bottom of the bag was opened, officers located clear plastic bags containing a white crystal-like substance which field-tested positive for amphetamine. The total gross weight, including packaging, of the plastic bags and their contents, was 313.6 grams.

Plea Agreement at ¶ 7.

On July 17, 1998, the Court sentenced Petitioner to one hundred eight (108) months imprisonment. The judgment of conviction was entered on the docket on July 20, 1998. Petitioner did not file a notice of appeal within ten (10) days after entry of the Court's judgment. Her conviction became final on July 30, 1998. *See* FED. R. APP. P. 4(b); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2000) (holding that a conviction is final if a notice of appeal is not filed within ten (10) days). Thereafter, Petitioner, *pro se* and incarcerated, brought this motion pursuant to 28 U.S.C. § 2255 on March 29, 2005,[1] requesting the Court to vacate her conviction and sentence.[2]

## II. PETITIONER'S MOTION IS UNTIMELY

Petitioner seeks relief asserting there has been a "change in the law" regarding what constitutes importation under 21 U.S.C. § 952(a). Specifically, Petitioner claims that the Ninth Circuit's *Cabaccang* decision invalidates her conviction. *See Cabaccang*, 332 F.3d 622 (transportation of a controlled substance through international airspace on a nonstop flight from one United States location to another (including U.S. territories) does not constitute importation as prohibited by 21 U.S.C. § 952(a)). Petitioner argues that she now stands convicted of an offense which is "non-existent" in light of that decision.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a strict one-year limitation on when a prisoner may bring a motion to vacate, set aside, or correct his or her sentence under that section. 28 U.S.C. § 2255, ¶ 6. The one-year period runs from "the latest" of the events enumerated as follows:

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Petitioner filed the Motion with this Court on December 27, 2004, however since this motion is her third motion filed with this Court seeking relief under § 2255, the Court lacked jurisdiction to act absent approval from the Ninth Circuit Court of Appeals. Petitioner received authorization to file a subsequent § 2255 petition for relief on March 29, 2005. Instead of requiring Petitioner to file another petition, the Court will consider her petition initially filed on December 27, 2004 as filed on March 29, 2005, the date the Ninth Circuit issued its authorization. *See* Docket No. 29. For statute of limitations purposes, the Court will consider the filing date of the § 2255 motion to be December 27, 2004.

[2] The Petitioner also filed a Petition for Appointment of Counsel and an Application to Proceed without Prepayment of Fees. *See* Docket Nos. 27A and 28. As the Court is disposing of the case on its merits, these requests are DENIED AS MOOT.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Here, Petitioner initially filed this motion on December 27, 2004. Thus, for the motion to be timely, Petitioner must show that one of the four events listed in paragraph six occurred on or after December 27, 2003. The first subsection of paragraph six does not apply because Petitioner's judgment of conviction became final on July 30, 1998, approximately six and a half years before Petitioner filed the motion. The second subsection does not apply because nothing in Petitioner's motion suggests the removal of any governmental action that was previously impeding him from bringing the motion. The third subsection does not apply because *Cabaccang* is not a Supreme Court decision recognizing a new constitutional right. The fourth subsection does not apply because Petitioner's claim is not supported by newly discovered facts. As none of the four events listed in paragraph six of § 2255 occurred within one year of Petitioner's motion, the motion is not timely.[3]

Moreover, even if the Court were to assume *arguendo* that the *Cabaccang* decision triggers a new one-year period in which to file a motion, Petitioner failed to bring his claim within one year of that decision. *Cabaccang* was issued on June 6, 2003 and the Petitioner filed his § 2255 petition on December 27, 2004, approximately one and a half years later. Accordingly, Petitioner's motion would still be untimely.

///
///
///
///

---

[3] If Congress had wanted to permit decisions like *Cabaccang* to trigger a new one-year period, Congress simply could have included an additional subsection to paragraph six of § 2255, explicitly stating that the one-year period should begin to run on the date on which the Supreme Court or any circuit court initially announced a more narrow construction of the federal statute under which the petitioner is convicted. But paragraph six contains no such provision.

## III. DISPOSITION

For the reasons stated above, the Court DENIES Petitioner's motion.

IT IS SO ORDERED.

DATED: July 7, 2005

_____
DAVID O. CARTER[*]
United States District Judge

Notice is hereby given that this document was entered on the docket on July 13, 2005
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: Marilyn B. Alcon  7-13-05
Deputy Clerk    Date

---

[*] The Honorable David O. Carter, United States District Judge for the Central District of California, by designation.